**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3010
_____

JACQUELINE ALINOSKI,

Appellant

v.

MUSCULOSKELETAL TRANSPLANT FOUNDATION, INC.

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
(District Court No.: 3-15-cv-00640)
District Judge: Honorable Edwin M. Kosik
_____

Submitted under Third Circuit LAR 34.1(a)
on February 9, 2017

Before: MCKEE, RENDELL, and FUENTES, <u>Circuit Judges</u>

(Opinion filed February 15, 2017)

_____

O P I N I O N[*]

**RENDELL**, <u>Circuit Judge</u>:

Appellant Jacqueline Alinoski challenges the grant of summary judgment in favor

of her former employer, Musculoskeletal Transplant Foundation, Inc. ("MTF"), in her

suit alleging age and sex discrimination in violation of the Pennsylvania Human

Relations Act, 43 P.S. § 951 *et seq.* ("PHRA").[1]  For the reasons set forth below, we will

affirm.

As the parties are familiar with the facts and the procedural posture to date, we

need not repeat them.[2]  We exercise plenary review over a district court's grant of

summary judgment, applying the same standard that the district court should have

applied.  *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir. 2001).

A court grants summary judgment if "there is no genuine issue of material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The PHRA dictates that it is unlawful for an employer to discharge or discriminate

against any individual because of the individual's age (if the individual is 40 years old or

older) or on the basis of the individual's sex.  43 P.S. §§ 955(a) & 954(h).  Such

discrimination claims may be established by direct or indirect evidence.  If the PHRA

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court's summary judgment grant also dismissed Appellant's hostile work environment claim against MTF.  **A. 595.**  Appellant appears to have waived this claim on appeal and we therefore do not address it.  *See* **Appellant's Br. 14; Appellee's Br. 11.**

[2] The District Court exercised jurisdiction pursuant to 28 U.S.C. §§ 1332(a).  We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

claim is based on indirect evidence, it is subject to the three-part test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). *See Gomez v. Allegheny Health Servs., Inc.*, 71 F.3d 1079, 1083–84 (3d Cir. 1995)**; A. 603**. The first part of the *McDonnell Douglas* test imposes a burden of production on the employee to establish a *prima facie* case of discrimination, which, if successful, raises an inference of discrimination. 411 U.S. at 802. The employee satisfies this burden of production by showing, *inter alia*, that similarly situated persons outside the relevant protected class were treated more favorably than he or she. *See Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 645–46 (3d Cir. 2015); *Clayton v. Meijer, Inc.*, 281 F.3d 605, 610 (6th Cir. 2002); *Whitesell v. Dobson Comms.*, No. 2:06cv0319 (DSC), 2008 WL 474270, *9 (W.D. Pa. Feb. 20, 2008)**; A. 600**. We agree with the District Court that Appellant cannot satisfy this burden for either the age or the sex discrimination claim. We address each claim in turn.

As the District Court observed with regard to the age claim, "employees both within and outside of [Appellant]'s class[] were treated more and less favorabl[y] than [Appellant]." A. 604. Specifically, two employees who are older than Appellant, in addition to two employees who are younger than Appellant, were treated more favorably than Appellant; two different younger employees were treated less favorably than she. *Id.* The record shows that the employees treated more favorably, older and younger, were not similarly situated to Appellant because of their differing levels on MTF's

3

progressive discipline program.[3] *See* **A. 580.** Appellant responds, without any supporting case law, that "[s]imilarly situated employees that may have also received more favorable treatment within the protected class[] doesn't necessarily negate that age may have been the motivating factor." Appellant's Br. 10–11. She never addresses the largest hole in her case: the less favorable treatment of employees outside her protected class.

By focusing only on the employees whose treatment might advance her claim, Appellant ignores our holdings in previous discrimination cases that an individual cannot "pick and choose a person she perceives is a valid comparator who was allegedly treated more favorably, and completely ignore a significant group of comparators who were treated equally or less favorably than she." *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 646–47 (3d Cir. 1998).[4] Nor may courts assess proffered evidence in a "vacuum." *Id.* at 645. Looking at the spread of employees within and outside of Appellant's class, it does not appear to us that MTF's treatment of Appellant had anything to do with her age. Accordingly, we find that MTF's comparative treatment of its employees fails to raise an inference of age-based discrimination.

---

[3] Appellant argues that the employees' different levels were themselves due to discriminatory treatment, but she unpersuasively bases this claim on her own belief and does not offer any other supporting evidence.

[4] Appellant's efforts to distinguish *Simpson* are unavailing and misguidedly focus on factual minutiae rather than on legal principles long held by this Court. *See, e.g., Andrews v. City of Philadelphia*, 895 F.3d 1469, 1482 (3d Cir. 1990) (requiring a reviewing court to look at the "totality of the circumstances" when adjudicating a discrimination claim).

Appellant's sex discrimination claim fares no better. We agree with the District Court that the examples of harassment raised by Appellant do not evince "any discriminatory animus based upon [Appellant's] gender" and therefore do not give rise to an inference of discrimination. A. 605. Appellant does not offer – nor do we find – a requisite connection between Appellant's sex and her being accused of acting "like a victim" or having a "brain meltdown." However puerile or offensive they may be, those comments are not inherently related to being male or female.[5]

Because we find that Appellant has not satisfied her threshold burden of production for either discrimination claim, we need not complete the rest of the *McDonnell Douglas* test that questions whether an employer's articulated reason for an adverse employment action is a pretext for unlawful discrimination.[6] 411 U.S. at 804.

Therefore, for the foregoing reasons, we will affirm the District Court's grant of summary judgment in favor of MTF in its entirety.

---

[5] The District Court drew a persuasive distinction between this case and *Ostrowski v. Prudential Equity Grp.*, No. 3:03 Civ. 0459 (ARC), 2006 WL 1330113, at *5, *8 (M.D. Pa. May 12, 2006), in which the court found unlawful sex discrimination where a female employee was called a "bitch" by her male colleagues and told: "This is a man's business. It's a man's world." A. 605. The comments at issue here clearly lack similarly gendered overtones.

[6] We note our agreement with the District Court that, based on the record, Appellant could not show a pretext even if she had satisfied her burden of production. **A. 606.**